IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01169-LTB-BNB

GENARO ROLDAN,

Plaintiff,

v.

THOMAS G. DUNDON, and
JASON A. KULAS,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants Thomas G. Dundon and Jason A. Kulas's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss Plaintiff Genaro Roldan's Amended Complaint** [Doc. #12, filed 05/01/2014] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff resides in Colorado Springs, Colorado.  This action was removed from the District Court of El Paso County, Colorado.  The Amended Complaint [Doc. #5] is not a model of clarity.  It begins by purporting to set forth the plaintiff's version of the rules for this court.

---

[1] The plaintiff did not respond to the Motion.

The plaintiff then alleges that on August 27, 2011, he signed a promissory note in the amount of $25,381.46 for the purchase of a vehicle. At the time, he believed he was contracting with Santander Consumer USA. He subsequently learned that Santander was deceased at the time the contract was formed. Therefore, the promissory note is fraudulent. After signing the contract, the defendants "took the note and monetized it and placed the funds into an account (escrow) which they kept there for three years. After the three year period they claimed the funds as lost funds." The loan was then sold to investors as a security.

The plaintiff received notice that his vehicle was going to be repossessed. The plaintiff "tendered payment via a negotiable instrument of like and kind as the original note, legal tender." The legal tender was refused as payment even though "when legal tender is tendered for a debt and is refused then the debt by law is discharged." The note was tendered to the defendants, "the bosses of Santander Consumer USA, Inc." The defendants did not use the note to pay off the debt; they cashed the note and used it for their own benefit or that of Santander. They repossessed the vehicle "thereby doubling their profit."

Although it is unclear from the Amended Complaint, the plaintiff appears to assert claims for trespass, fraud, and conspiracy.[2] The defendants, residents of Texas, assert that the court lacks personal jurisdiction.

In order for a court to obtain jurisdiction over a non-resident defendant in a diversity action, the plaintiff must "establish that (1) jurisdiction is proper under the laws of the forum

---

[2] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

state and (2) the exercise of jurisdiction does not offend due process." Doering v. Copper Mountain, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001).  Under Colorado law, personal jurisdiction exists only if the requirements of both the state long-arm statute, section 13-1-124, C.R.S., and due process of law are satisfied.  Doe v. National Medical Servs., 748 F. Supp. 793, 795 (D. Colo. 1990); D & D Fuller CATV Constr., Inc. v. Pace, 780 P.2d 520, 523 (Colo. 1989).  The Colorado long-arm statute confers jurisdiction to the fullest extent consistent with due process of law.  Waterval v. District Court, 620 P.2d 5, 8 (Colo. 1980), cert. denied, 452 U.S. 960 (1981).  Consequently, because the long-arm statute imposes no greater limitation than federal due process, I proceed directly to the constitutional analysis.  See OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1090 (10th Cir. 1998), (citing Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op., 17 F.3d 1302, 1305 (10th Cir. 1994)).

In accordance with due process, I may "exercise personal jurisdiction over a nonresident defendant if minimum contacts exist between the defendant and the forum state such that maintenance of the lawsuit would not offend 'traditional notions of fair play and substantial justice.'"  Doering, 259 F.3d at 1210 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980)).  The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction.  Id.

A court may exercise specific jurisdiction over a defendant

> if the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there." World- Wide Volkswagen, 444 U.S. at 297, 100 S. Ct. 559. Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum, Burger King, 471 U.S. at 472, 105 S. Ct. 2174, and whether the plaintiff's claim arises out of or results from "actions by the defendant *himself* that create a substantial connection with the forum state."

> > Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed.2d 92 (1987) (internal quotations omitted) (emphasis in the original).

OMI Holdings, 149 F.3d at 1091.

"General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir.2001) (citation omitted).

> In order for general jurisdiction to lie, a foreign corporation must have a substantial amount of contacts with the forum state. In assessing contacts with a forum, courts have considered such factors as: (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir 1996) (citations omitted).

Where, as here, a defendant seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). This burden, however, is light. Id. When "there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." Id. Additionally:

> The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the

>parties present conflicting affidavits, all factual disputes must be
>resolved in the plaintiff's favor, and the plaintiff's prima facie
>showing is sufficient notwithstanding the contrary presentation by
>the moving party. However, only the well pled facts of plaintiff's
>complaint, as distinguished from mere conclusory allegations,
>must be accepted as true.

Id. (internal quotations and citation omitted).

"The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." Pytlik v. Professional Resources, Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989). "[A]ffidavits submitted in support of or in opposition to the motion to dismiss for lack of [personal] jurisdiction must comply with the requirements of Rule 56(e). Therefore, such affidavits must contain personal knowledge, admissible facts, and affirmative showing of competency." Encore Productions, Inc. v. Promise Keepers, 53 F. Supp.2d 1101, 1115 (D. Colo. 1999) (internal quotations and citations omitted).

The defendants submit affidavits in support of their Motion. Mr. Dundon attests that he is the Chief Executive Officer of Santander Consumer USA, Inc; he has held that position since 2006; he is a citizen of the State of Texas; he has maintained his residence in Dallas, Texas, since 1985; he has never had any contact with the plaintiff; he has never personally met the plaintiff; he has never traveled to Colorado for any reason related to the plaintiff or the allegations in this law suit; he does not own or operate any business in Colorado; he has never personally solicited any business in Colorado; and he does not earn wages or pay taxes in Colorado. Mr. Kulas attests that he is the Chief Financial Officer of Santander Consumer USA, Inc; he has held that position since 2007; he is a citizen of the State of Texas; he has maintained his residence in Dallas, Texas, since 1971; he has never had any contact with the plaintiff; he has

never personally met the plaintiff; he has never traveled to Colorado for any reason related to the plaintiff or the allegations in this law suit; he does not own or operate any business in Colorado; he has never personally solicited any business in Colorado; and he does not earn wages or pay taxes in Colorado.

The Complaint does not contain any allegations to show that the defendants have had any contact with the State of Colorado, and the plaintiff did not respond to the defendants' Motion. Therefore, the plaintiff has failed to meet his burden to make a prima facie showing that this court has personal jurisdiction over the defendants.

I respectfully RECOMMEND that Defendants Thomas G. Dundon and Jason A. Kulas's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss Plaintiff Genaro Roldan's Amended Complaint [Doc. #12] be GRANTED and that the Amended Complaint be DISMISSED for lack of personal jurisdiction over the defendants.[3]

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 21, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge